# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SUSAN TRAMMELL,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1020** (BOR Appeal No. 2048109)
(Claim No. 2012007892)

**THOMAS HEALTH SYSTEM,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Susan Trammell, by Wendle Cook, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Thomas Health System, by Toni J. Minner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 6, 2013, in which the Board affirmed a January 14, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges dismissed protests to claims administrator's decisions dated October 4, 2011; November 11, 2011; January 19, 2012; February 24, 2012; April 4, 2012; April 20, 2012; May 23, 2012; July 24, 2012; and July 25, 2012. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Trammell, a medical assistant, was injured in the course of her employment on August 25, 2011, when a cabinet door struck her in the head. The claim was held compensable for contusion of the face. Ms. Trammell alleges that she also developed symptoms of temporomandibular joint dysfunction as a result of the injury.

1

The claims administrator has denied various requests throughout the claim. On October 4, 2011, the claims administrator denied a consultation with Thomas Greene, D.M.D., as well as payment for an August 26, 2011, bill of service. On November 11, 2011, the claims administrator denied payment for an August 26, 2011, bill of service. On January 19, 2012, the claims administrator denied payment for a February 8, 2012, bill of service. On February 24, 2012, the claims administrator denied payment for a February 8, 2012, bill of service. On April 4, 2012, the claims administrator denied reimbursement of travel expenses for various dates of service to various medical providers. On April 20, 2012, the claims administrator denied payment for a March 27, 2012, bill of service. On May 23, 2012, the claims administrator denied payment for a May 1, 2012, bill of service. On July 24, 2012, the claims administrator denied a neurological evaluation by Ron Stollings, M.D. Finally, on July 25, 2012, the claims administrator denied payment for a July 3, 2012, bill of service.

In response to Thomas Health System's motion to strike Ms. Trammell's evidence, the Office of Judges issued a June 27, 2012, Order compelling Ms. Trammell to produce Dr. Greene's medical records within thirty days. The Order stated that non-compliance could result in sanctions. Ms. Trammell did not comply, and Thomas Health System again requested to strike her evidence. The Office of Judges dismissed the request on August 30, 2012, stating that Ms. Trammell informed it that the requested records and diagnostic studies had been provided. Thomas Health System thereafter requested a telephonic conference. The Office of Judges issued a notice of telephonic hearing on September 6, 2012. In the September 20, 2012, hearing, Thomas Health System's counsel stated that they requested medical records from Dr. Greene. They received some of those records but did not receive anything prior to the date of injury. Those records are necessary because Ms. Trammel was previously treated for temporomandibular joint dysfunction, a potential condition in the claim. Dr. Greene's records are relied upon by Ms. Trammell as well as another physician of record. Ms. Trammell's counsel stated that he sent Thomas Health System all of the records that he has.

On September 21, 2012, the Office of Judges issued an Order vacating its August 30, 2012, Order as well as an Order to compel. It stated that it dismissed Thomas Health System's motion to strike based upon assertions by Ms. Trammell that the medical records requested were being provided. In a telephonic hearing, Thomas Health System stated that the pre-injury treatment records were not provided. The Office of Judges found sufficient evidence that Ms. Trammell was treated by Dr. Greene prior to her injury. It was found to be highly likely that Dr. Greene had records subject to the subpoena issued on May 10, 2012. On November 19, 2012, the Office of Judges issued an Order denying Thomas Health System's October 17, 2012, motion to dismiss, an Order to show cause for failure to cooperate, and an Order extending time frames. Ms. Trammel was ordered to show cause within fifteen days for her failure to comply. The Order stated that failure to respond showing good cause would result in her protests being dismissed. Ms. Trammell failed to respond to the Order.

The Office of Judges dismissed all ten protests for failure to comply and cooperate on January 4, 2013. It stated that Ms. Trammell was compelled by Order dated September 21, 2012, to produce Dr. Greene's medical records. She was informed of the consequences for failure to comply and she failed to respond. The Board of Review found that the Office of Judges properly

followed the procedure set forth in West Virginia Code of State Rules § 93-1-8.4(D) (2008) which states:

> Upon failure or refusal, without good cause, of a witness to comply with a properly served subpoena, the Chief Administrative Law Judge or his/her designee may employ proper sanctions including, but not limited to: 1. a decision reversing the protested order; 2. an order dismissing the protest; 3. submission of the protest for final determination upon the existing record; or 4. when personal service of a subpoena has been obtained, institution of attachment proceedings as for contempt in Circuit Court. Prior to imposition of one or more of the aforementioned sanctions, a written notice may be issued allowing fifteen (15) days to show good cause to the Office of Judges why such sanctions should not be imposed.

The Board of Review found no grounds upon which to reverse the Office of Judges' Order. This Court agrees with the reasoning and conclusions of the Board of Review. Ms. Trammel was informed of the consequences of her failure to respond. She did not respond to the Office of Judges' Order within the allotted time period. Her protests were therefore properly dismissed.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II